**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4243**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RAYMOND CHARLES WEBBER,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00048-RLV-DSC-4)

---

Submitted: November 18, 2010      Decided: November 29, 2010

---

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Charles Webber pled guilty to mail fraud, in violation of 18 U.S.C. § 341 (2006). The district court sentenced Webber to 125 months' imprisonment. On appeal, counsel for Webber has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but challenging the sentence imposed. Specifically, counsel suggests Webber's sentence at the top of the Sentencing Guidelines range is too harsh and that the district court erred in not giving to Webber credit for time Webber spent in custody on an allegedly related charge. Webber has filed a pro se supplemental brief raising similar issues. The Government elected not to file a response. We affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330

(4th Cir. 2009) (same).  In addition, this court presumes a sentence within a properly determined advisory Guidelines range is substantively reasonable.  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

We conclude that Webber's sentence is both procedurally and substantively reasonable.  The district court properly calculated Webber's Guidelines range, treated the Guidelines as advisory, and considered the applicable § 3553(a) factors.  See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  Moreover, the district court based its sentence on its individualized assessment of the facts of the case.  Carter, 564 F.3d at 328.  Last, we conclude that Webber has not rebutted the presumption that his within-Guidelines sentence is presumptively reasonable.  With respect to Webber's assertion that the district court erred in not crediting him for time served on a related offense, the record reflects that the district court did not conclusively deny credit, rather it stated it would leave the record open for a ruling on credit because what was before the court was "too nebulous to permit a credit to be granted at the present time."  We conclude the district court did not abuse its discretion in imposing the chosen sentence.

As required by Anders, we have reviewed the record and Webber's pro se supplemental brief and find no meritorious

issues for review.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Webber in writing of his right to petition the Supreme Court of the United States for further review.  If Webber requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Webber.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED